## FAILURE OF MACHINERY TO MEET REQUIREMENTS.

Court of Appeals for Hamilton County.

FAIRBANKS, MORSE & COMPANY v, THE SNOOK-VEITH LUMBER COMPANY.

Decided, December 4, ·1916.

*Conditional Sales—Tender Back of Property Sold—Not Necessary to Relieve Purchaser from Further Payments, When—Failure of Thing Sold to Meet Test—Dissatisfaction May be Shown Otherwise Than by Tender Back.*

1. Under a conditional sale of machinery which has failed to meet the requirements of the purchaser, the fact that the title has remained in the vendor relieves the purchaser from the necessity of tendering the property back in order to be released from making further payments.

2. Nor will failure to offer to return the machine be construed as a waiver of the right to claim it has not met the required test, where the evidence with reference to the test and the dissatisfaction of the purchaser therewith was such as to satisfy the jury that the stipulated requirements had not been met.

*Otis H. Fisk,* for plaintiff in' error.
*Cobb, Howard & Bailey* and *Henry L. Rockel,* contra.

GORMAN, J.

The case below was tried to a jury and a verdict rendered in favor of the defendant below, and upon that verdict judgment was entered. The plaintiff in error, who was the plaintiff below, asks for a reversal of that judgment in this proceeding.

It appears from the record that on or about the 4th day of April, 1911, a contract was entered into between the parties to this proceeding whereby Fairbanks, Morse & Company sold to the Snook-Veith Lumber Company a certain mechanical equipment to be used in connection with the operation of the Snook-Veith Lumber Company's lumber plant in St. Bernard, Ohio, the equipment consisting of a 100 horse-power gas engine, cylinder generators and other equipments and attachments.

The contract price of the purchase was $8,700. The contract was in form a conditional sale, whereby the title to the property was to remain in Fairbanks, Morse & Company until the price was fully paid.

After the engine, generator and appliances were installed the defendants began the use thereof, and also began payments on the purchase price. By the terms of the contract defendant was to pay in installments; and at the time this suit was brought the defendant had paid of the $8,700 all but $2,900.

The defendant company had considerable trouble with the engine by reason of breakages in the cylinder-heads and bearings and other parts, and complained of these defects from time to time to Fairbanks, Morse & Company. Finally, after much discussion and correspondence between the parties, an agreement was entered into between them about December 15, 1913. This agreement was in the shape of a letter from Fairbanks, Morse & Company to the Snook-Veith Lumber Company and the acceptance by the Snook-Veith Lumber Company of the proposition contained in the letter. That agreement was as follows:

"Fairbanks, Morse & Co. to furnish you with a suitable engineer to operate the 100 H. P. engine of our make at your plant during regular schedule working hours for a period of two months. The Snook-Veith Lumber Company to pay this engineer at the rate of $20 per week for his time. If at the expiration of the two months the engine has been kept in operation during regular schedule working hours without interruption due to defects, the Snook-Veith Lumber Co. is to pay the balance due on their account at the completion of this two months' period. If there is interruption in the operation of the engine due to defects, Fairbanks, Morse & Co. are to remove the engine and generator and credit the Snook-Veith Lumber Co. with the balance of their account, thereby closing the entire transaction."

Upon the acceptance of this proposition by the Snook-Veith Lumber Company the parties agreed to begin the operation under this test on February 1, 1914. An engineer, Mr. Henry, was sent by Fairbanks, Morse & Company to take charge of the engine and machinery on or about the 1st of February, 1914, and he operated it for a period of two months, at the expiration of

which time Fairbanks, Morse & Company claimed that the conditions of the test had been complied with and that they were entitled to the balance of the purchase price, $2,900. The Snook-Veith Lumber Company denied that the conditions of the test had been complied with, and claimed there had been two or three shut-downs due to defects in the engine, and therefore refused to pay the balance of the account.

The issue in this case was whether or not the test agreement had been fully carried out by Fairbanks, Morse & Company. Much evidence was produced *pro* and *con,* and upon the submission of the case to the jury under the instructions of the court a verdict was returned in favor of the Snook-Veith Lumber Company, defendant below.

It is claimed by plaintiff in error that there was no evidence to support this verdict. An examination of the record satisfies us that there was evidence upon which the jury could reasonably come to the conclusion it did, that there was a failure of the test upon the part of Fairbanks, Morse & Company, and that it was not entitled to recover.

It is also claimed by Fairbanks, Morse & Company that the Snook-Veith Lumber Company failed to tender back the engine and appliances at the end of the test period—two months. It was not necessary, in the opinion of the court, that a tender of this engine and machinery should be made to Fairbanks, Morse & Company by the defendant company, because under the contract the title to this property remained in Fairbanks, Morse & Company, and it was only the possession which it was necessary for them to secure; and under the contract they had the right to take possession of the machinery at any time, upon the failure of the Snook-Veith Lumber Company to pay for the same.

It is claimed, however, that the failure to tender back this property indicates that the Snook-Veith Lumber Company waived its right to claim that the test had not been complied with. There is evidence tending to show that the president of the Snook-Veith Lumber Company was not satisfied with the test and notified the representative of Fairbanks, Morse & Company that the test had not been fulfilled and that the engine was not satisfactory and

that it had not operated, without interruption due to defects, for a period of two months. All these questions of fact were for the jury under proper instructions. It was their province to pass upon the evidence, weigh the same, and to pass upon the credibility of the witnesses and determine what weight should be given to the testimony of each witness. We are not prepared to say that the verdict is so manifestly against the weight of the evidence as to warrant this court in setting aside the verdict of the jury and the judgment of the court.

Upon a review of the whole case we find no error in the record to warrant this court in setting aside the judgment, and the same is therefore affirmed.

JONES (E. H.), P. J., and JONES (Oliver B.), J., concur.